UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAVEN FOX, individually, and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:19-cv-2872<br>) |
| DAKKOTA INTEGRATED SYSTEMS, LLC | )<br>) |
| Defendant. | )<br>)<br>) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, Defendant Dakkota Integrated Systems, LLC ("Dakkota") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Dakkota respectfully states as follows:

**I.     BACKGROUND AND TIMELINESS**

1.     On March 20, 2019, Plaintiff Raven Fox, individually, and on behalf of all others similarly situated ("Plaintiff"), initiated this civil lawsuit against Dakkota in the Circuit Court of Cook County, Illinois, by filing a class action complaint captioned *Raven Fox, et al. v. Dakkota Integrated Systems, LLC*, No. 2019 CH 03620 (the "State Court Action").

2.     Dakkota was served with a copy of the summons and complaint in the State Court Action on March 29, 2019.

3.     This Notice of Removal is timely filed because it is filed within thirty (30) days of the date that Dakkota was served with the initial pleading in compliance with 28 U.S.C. § 1446(b)(1) and Fed. R. Civ. P. 6(a).

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Exhibit 1.

5. By their Complaint, Plaintiff contends that Dakkota violates the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of "hand geometry scanned" technology. (*See* Ex. 1, Compl. ¶¶ 3, 5, 10, 69-76, 78-86, 88-92.) Specifically, Plaintiff alleges that Dakkota violates BIPA by its "unlawful collection, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric data" (here, "hand geometry scans") to track their time when employees clock-in and clock-out of work without first obtaining informed written consent or publishing its retention policy. (*See id.* ¶¶ 1, 31-33.)

6. Plaintiff alleges that Dakkota "disseminates" employee biometric data, and "disseminated her biometric identifiers and/or biometric information to third parties that hosted the biometric data in their data centers in violation of BIPA." (Ex. 1, Compl. ¶¶ 10, 29, 34, 52, 54, 94) Plaintiff further alleges that Dakkota's disclosures fail to comply with BIPA mandates. (*Id.*, ¶¶ 10, 52, 94.) This Court has held that disclosure allegations similar to those alleged by Plaintiff are sufficient to allege a "concrete injury for Article III standing." *See Miller v. Southwest Airlines Co.*, No. 18 CV 00086, 2018 WL 4030590, *1, 3 (N.D. Ill. Aug. 23, 2018) (allegation that "[t]o the extent Defendant . . . failed to obtain consent for any transmission to third parties of Plaintiff's biometric information," sufficiently alleged "Article III standing.")

7. Based on these allegations, Plaintiff asserts causes of action in her individual and representative capacity for violations of BIPA § 14/15(a) (Count I) (*see* Ex. 1, Compl. ¶¶ 68-76), BIPA § 14/15(b) (Count II) (*see id.* ¶¶ 77-86), and BIPA § 14/15(d) (Count III) (*see id.* ¶¶ 87-95).

8. BIPA provides that a prevailing party may recover, "against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater" (735 ILCS 14/20(1)), and "against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater." *Id*. at 14/20(2).

II. **REMOVAL IS PROPER PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005**

9. Pursuant to 28 U.S.C. § 1332(d), removal is proper because the United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d).[1] Here, all three conditions are satisfied.

10. As of April 2019, Dakkota employs 280 individuals at its Chicago, Illinois location who have utilized Dakkota's timekeeping system under conditions that Plaintiff alleges violate BIPA. (*See* Ex. 2, Declaration of Tonia Rae Zekas, ¶ 6.)

11. Plaintiff's proposed class definition is: "All individuals working for Dakkota Integrated Systems in the State of Illinois who had their hand geometry collected, captured, received, obtained, maintained, stored, or disclosed by Defendant during the applicable statutory period." (Ex. 1, Compl. ¶ 58.) Plaintiff alleges that "[u]pon information and belief, Defendant employs hundreds of workers in the state of Illinois, many of whom are members of the class,"

---

[1] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Dakkota does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

and that "joinder of all members is impracticable." *See id.* ¶ 60; Ex. 1, Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues, p. 7 n. 1.

12. Because more than 100 of Dakkota's employees at its Chicago location have utilized Dakkota's timekeeping system under conditions that Plaintiff alleges violate BIPA, and Plaintiff alleges the class is constituted of "hundreds" of members, this action involves a putative class of at least 100 members as required by 28 U.S.C. § 1332(d)(5)(B).

13. According to the allegations in the Complaint, Plaintiff is a natural person and citizen of Illinois. (Ex. 1, Compl. ¶ 12.)

14. For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of each of its members. See *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). Dakkota is a limited liability company organized under the laws of Michigan. Dakkota's members are Andra Rush, a citizen of Michigan, and Magna International, a citizen of Canada. (Ex. 2, ¶ 5.) Dakkota is therefore, a citizen of Michigan and Canada.

15. Because Plaintiff is a citizen of Illinois and Dakkota is a citizen of Michigan and Canada, "any member of [the class] of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state," the parties are minimally diverse. 28 U.S.C. § 1332(d)(2)(C).

16. Finally, the aggregate amount in controversy as pled by Plaintiff exceeds $5 million. Plaintiff alleges that each putative class member is entitled to $5,000 in statutory damages for every instance the member scanned his or her hand using Dakkota's timekeeping system. (Ex. 1, Compl. ¶¶ 76, 86, 95, Prayer for Relief, ¶ c). Plaintiff contends that Dakkota violated no fewer than five (5) provisions of BIPA per Dakkota employee. (Ex. 1, Compl. ¶¶ 69-

70, 74, 78-79, 83, 88-89, 94). As established above, Dakkota employs 280 individuals at its Chicago location using Dakkota's timekeeping system under conditions that Plaintiff claims violate BIPA. (*See supra* ¶ 10). Even if each of Dakkota's 280 employees at its Chicago location scanned their hand once, the amount in controversy would exceed $5 million.[2] Consequently, the amount in controversy in this matter exceeds $5 million as required by 28 U.S.C. § 1332(d)(2).[3]

17. Because this matter satisfies all requirements of 28 U.S.C. § 1332(d), this matter is removable under the Class Action Fairness Act of 2005.

### III. VENUE AND NOTICE

18. Venue is also proper in the Northern District of Illinois located in Chicago, Illinois, because the State Court action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

19. Dakkota will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

WHEREFORE, Defendant Dakkota Integrated Systems, LLC hereby removes this civil action to this Court on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005.

Dated: April 29, 2019                                  DAKKOTA INTEGRATED SYSTEMS, LLC

---

[2] 280 employees x 5 BIPA violations x $5,000 = $7,000,000.

[3] Dakkota denies violating BIPA or that Plaintiff has alleged an actionable violation of BIPA for each and every time they clocked-in and clocked-out of their work day. Such a result would conflict with a plain language interpretation of the statute. Nonetheless, for purposes of removal, Plaintiff's allegations and requested relief must be accepted as true for purposes of determining the amount in controversy.

By: /s/Erin Bolan Hines

Melissa A. Siebert (*masiebert@shb.com*)
Erin Bolan Hines (*ehines@shb.com*)
**SHOOK HARDY & BACON, L.L.P.**
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195

*Counsel for Defendant Dakkota Integrated Systems, LLC*

6

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via overnight delivery on April 29, 2019 to:

Ryan F. Stephan
James B. Zouras
Catherine T. Mitchell
Stephan Zouras, LLP
100 N. Riverside Plaza
Suite 2150
Chicago, IL  60606

/s/ Erin Bolan Hines