**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RAVEN FOX, individually, and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| | ) | **Case No. 19-cv-2872** |
| **v.** | ) ) | |
| | ) | **Honorable Charles P. Kocoras** |
| **DAKKOTA INTEGRATED SYSTEMS, LLC,** | ) ) | |
| **Defendant.** | ) ) | |

**PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF**
**REMAND TO STATE COURT**

Plaintiff Raven Fox originally filed her putative class action pursuant to the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, in Illinois state court. Despite the jurisdictional machinations of Defendant Dakkota Integrated Systems, LLC ("Dakkota" or "Defendant"), this case should remain in state court, where it belongs. For the reasons discussed below, Plaintiff moves this Court for an Order remanding this case to the Circuit Court of Cook County and awarding Plaintiff attorneys' fees and costs associated with Defendant's improper removal of this case. *See, e.g., Zhirovetskiy v. Zayo Group, LLC*, No. 17-cv-05876 (N.D. Ill. Mar. 7, 2018); *Barnes v. Aryzta, LLC*, No. 17-cv-07358, Doc. 39 (N.D. Ill. Dec. 20, 2017); *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 912 (N.D. Ill. 2016) (Bucklo, J.).

## I. PROCEDURAL HISTORY

Plaintiff filed her Class Action Complaint in the Circuit Court of Cook County on March 20, 2019. In her Complaint, Plaintiff alleges that Dakkota invaded her privacy by unlawfully collecting, using, storing, and disseminating her biometric information (*i.e.,* handprints) in

violation of BIPA.  *See* Exhibit A, Plaintiff's Complaint.  Plaintiff sets forth three causes of action based on Defendant's: (i) failure to institute, maintain and adhere to a publicly-available retention schedule, in violation of section 14/15(a) of BIPA (Count I); (ii) failure to obtain informed, written consent and release before obtaining biometric information, in violation of section 14/15(b) of BIPA (Count II); and (iii) disclosure of biometric information prior to gaining consent, in violation of section 14/15(d) of BIPA (Count III).  *Id.*

On April 29, 2019, Defendant filed a Notice of Removal in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1332(d).  Specifically, Defendant claims this Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  (D.E. 1).  In its Notice, Defendant misrepresents the allegations of Plaintiff's Complaint, inflating Plaintiff's and putative class members' potential damages in order to exceed the amount in controversy threshold of $5,000,000, as required under CAFA.  *See* D.E. 1 at ¶ 16.

## II.    ARGUMENT

### A.    <u>This Case Should Be Remanded To State Court.</u>

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."  *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009); *see also Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 893 (7th Cir. 2013).  In order to trigger CAFA jurisdiction, the proposed class must be comprised of 100 or more persons; there must be minimal diversity of citizenship amongst parties; and the total amount in controversy must exceed $5 million.  28 U.S.C. § 1332(d)(2).  As the Seventh Circuit has explained, CAFA did not alter the established legal rule that the proponent of federal jurisdiction bears the burden of establishing removal jurisdiction.  *Brill v. Countrywide Home*

*Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); *Roppo v. Travelers Insurance Co.*, 2014 WL 3810580, at *3 (N.D. Ill. Aug. 1, 2014).

In its Notice, Defendant falsely characterizes Count I of Plaintiff's Complaint as somehow seeking damages for three (3) compound BIPA violations within a single allegation, in order to suggest that Plaintiff has alleged "Dakkota violated no fewer than five (5) provisions of BIPA per Dakkota employee," thus exceeding the amount in controversy threshold for CAFA removal. (D.E. 1 at ¶ 16). But these claims defy both reality and the actual allegations of Plaintiffs' Complaint. It is beyond dispute that Plaintiff alleged only <u>three</u> (3) distinct causes of action against Defendant for three (3) violations of BIPA: (1) the failure to establish any kind of retention schedule; (2) the failure to obtain consent before obtaining biometric information; and (3) the failure to obtain consent before disclosing biometric data and information. *See* Ex. A at *16-21. Accordingly, even if Plaintiff and class members were awarded their maximum statutory damages of $5,000 per violation, based on Defendant's representation that there are 280 putative class members, the amount in controversy ***at most*** is $4.2 million. As such, the amount in controversy is, as a matter of law, below the threshold necessary for CAFA removal and this case must be remanded to state court.

Additionally, because more than two-thirds of the members of the putative class are citizens of the state of Illinois, the home-state controversy exception to diversity jurisdiction under CAFA is indisputably not met. 28 U.S.C. § 1332(4)(A)(i)(I) ("A district court shall decline to exercise jurisdiction under [CAFA] over a class action in which greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed"). Accordingly, CAFA removal is improper and this case should be remanded to state court.

**B.** **Plaintiff Should Be Awarded Fees And Costs Incurred As A Result Of Removal.**

Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Upon remand, the court may award fees where (1) the defendant "lacked an objectively reasonable basis for seeking removal," or (2) in "unusual circumstances." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Defendant lacked an objectively reasonable basis for removal, and its attempt to misrepresent Plaintiff's allegations and inflate Plaintiff's and class members' potential damages in order to achieve removal and federal jurisdiction pursuant to CAFA warrants the payment of Plaintiff's attorneys' fees and costs incurred under 28 U.S.C. § 1447(c).

**III.   CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that this Court: (1) remand this case to the Circuit Court of Cook County; (2) award Plaintiff her fees and costs incurred as a result of Defendant's baseless and improper removal of this case; and (3) grant any such further relief as the Court deems reasonable and just.

Date:   May 3, 2019                    Respectfully Submitted,

                                        */s/ Ryan F. Stephan*

                                        Ryan F. Stephan
                                        James B. Zouras
                                        Catherine T. Mitchell
                                        **STEPHAN ZOURAS, LLP**
                                        100 N. Riverside Plaza, Suite 2150
                                        Chicago, Illinois 60606
                                        312.233.1550
                                        312.233.1560 *f*
                                        cmitchell@stephanzouras.com

                                        ***Attorneys for Plaintiff and the Putative Class***

<u>**CERTIFICATE OF SERVICE**</u>

I, the attorney, hereby certify that on May 3, 2019, I filed the attached with the Clerk of

the Court using the electronic filing system which will send such filing to all attorneys of record.


<u>    /s/ Ryan F. Stephan</u>