**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAVEN FOX, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 19 C 2872 |
| DAKKOTA INTEGRATED SYSTEMS, LLC, | ) ) ) | Judge Charles P. Kocoras |
| Defendant. | ) ) | |

## ORDER

Before the Court are Plaintiff Raven Fox's ("Fox")[1] motion to remand and Defendant Dakkota Integrated Systems, LLC's ("Dakkota") motion to extend time to file a responsive pleading to Fox's class action complaint. For the following reasons, the Court denies the motion to remand and grants the motion to extend.

## STATEMENT

Plaintiff Fox is an Illinois resident who worked as a Team Lead for Dakkota. Dakkota is an automotive supplier that manages the assembly and sequencing of integrated automotive interiors for original equipment manufacturers and has locations throughout the Midwest, including Chicago, Illinois. Dakkota is a limited liability

---

[1]Fox brings this suit individually and on behalf of all others similarly situated.

company organized under the laws of the State of Michigan, with its principal place of business in Holt, Michigan.

As alleged in the complaint, Fox worked for Dakkota from February 2012 until January 28, 2019 in a Chicago facility. As a term of her employment, Fox and other employees were required to scan their hands to track their work hours. Dakkota stored Fox's hand geometry data in its employee database(s). While Fox was required to grant Dakkota access to use her hand geometry, Dakkota never informed Fox of the specific limited purposes or lengths of time that her biometric data (*i.e.*, her hand geometry) would be stored, collected, used, or disseminated. Fox was also not informed of any biometric data retention policy developed by Dakkota, told whether Dakkota planned to permanently delete the sensitive information specific to Fox, or provided with a release form through which she could consent to Dakkota's collection of her biometric data.

Based on these events, Fox filed this putative class action lawsuit in the Circuit Court of Cook County, alleging that Dakkota violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* Specifically, Fox alleges claims for (1) Dakkota's failure to institute, maintain, and adhere to a publicly available retention schedule in violation of BIPA Section 15(a); (2) Dakkota's failure to obtain informed, written consent before obtaining biometric information in violation of BIPA Section 15(b); and (3) Dakkota's disclosure of biometric information before obtaining

consent in violation of BIPA Section 15(d). Fox seeks statutory damages in the amount

of $1,000 for each negligent violation, and $5,000 for each reckless violation of the

aforementioned BIPA sections.

Dakkota removed the case to federal court on the basis of the Class Action

Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Fox now moves to remand the case back

to state court, contending that the amount in controversy does not exceed the

jurisdictional threshold under CAFA.

## I.     Fox's Motion to Remand

A case filed in state court may be removed by a defendant if the plaintiff could

have originally filed it in federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*,

211 F.3d 445, 448 (7th Cir. 2000). The burden of demonstrating the propriety of

removal falls on the removing party. In typical diversity cases, any doubt regarding

jurisdiction is resolved in favor of remand. *See Dart Cherokee Basin Operating Co. v.

Owens*, 574 U.S. 81 (2014). But this presumption against removal does not apply in

CAFA cases. *Id*. (declining to decide whether a presumption against removal applies

in "mine-run diversity cases" but "point[ing] out that no antiremoval presumption

attends cases invoking CAFA").

The Court may remand a case for lack of subject matter jurisdiction. 28 U.S.C.

§§ 1446, 1447(c); *GE Betz, Inc. v. Zee Co*., 718 F.3d 615, 625–26 (7th Cir. 2013).

Where a plaintiff challenges the amount in controversy alleged, the defendant must

3

establish that the amount in controversy exceeds the jurisdictional threshold by a preponderance of the evidence. *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). Once the defendant has met that burden, the Court may remand the case "only if the plaintiff can establish the claim is for less than the requisite amount to a 'legal certainty.'" *Id.*; *see also Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

Fox contends that Dakkota falsely characterized her allegations to inflate the potential BIPA damages of putative class members to exceed the amount in controversy threshold required under CAFA. BIPA provides:

> Any person aggrieved by a violation of this Act shall have a right of action in a State circuit court or as a supplemental claim in federal district court against an offending party. A prevailing party may recover for each violation:
>
> (1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater;
>
> (2) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater;
>
> (3) reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses; and
>
> (4) other relief, including an injunction, as the State or federal court may deem appropriate.

740 ILCS 14/20.

Fox argues that Dakkota's notice of removal falsely states that the complaint

seeks damages for violations of "no fewer than five (5) provisions of BIPA per Dakkota

employee," which renders the amount in controversy at $7,000,000.[2]  1:19-cv-2872,

Dkt. #8 at 3.  In reality, Fox contends, the complaint only alleges three BIPA violations

per employee with damages totaling at $4.2 million.  The Court agrees that the

complaint only alleges three BIPA violations.

Dakkota's removal notice provides the following damages calculation: "280

employees x 5 BIPA violations x $5,000 = $7,000,000."  1:19-cv-2872, Dkt. #1 at 5 n.2.

This calculation is inaccurate because the complaint only alleges three counts, each

alleging the violation of a single statutory provision.  However, Dakkota counters that

even adopting Fox's damages formula, the damages could exceed the $5 million

threshold if a court finds that statutory damages under BIPA are available on a per-scan

basis rather than only for the initial collection.[3]  Either way, the Court finds that

Dakkota has met its burden of showing by a preponderance of the evidence that the

---

[2] Dakkota's Notice of Removal provides the following damages calculation: "280 employees x 5 BIPA violations x $5,000 = $7,000,000." 1:19-cv-2872, Dkt. #1 at 5 n.2.

[3] Dakkota's response brief further argues that this Court has federal question jurisdiction because Fox's claims are preempted by the Labor Management Relations Act.  But "[i]t is well established that a plaintiff cannot amend the [notice of removal] through a response brief." *Foster-Jenkins v. Rogers Auto Grp.*, 2019 WL 4750304, at *2 (N.D. Ill. Sept. 30, 2019) (*citing Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011)).

amount in controversy exceeds CAFA's $5 million threshold amount. The burden now shifts to Fox to demonstrate to a legal certainty that her claims are not worth more than $5 million.

Fox argues that she "does not and could not allege that she is entitled to statutory damages [on a per-scan basis]" because a violation occurs, "and continues to occur, when an entity like Defendant collects, captures or otherwise obtains, maintains, stores, uses and/or disseminates an individual's biometrics without the requisite consent, and fails to provide any public retention schedule as required under BIPA." 1:19-cv-2872, Dkt. #16 at 2. But those arguments are of no moment because Fox cannot demonstrate to a legal certainty that her claims are worth less than $5 million.

While the parties do not provide a substantive discussion on whether each scan amounts to the collection of new biometric identifiers or information so as to allow for repeat violations, this court has previously held that BIPA's Section 15(d) can be read to suggest that a violation occurs each time a putative class member "clocked in and out of work," *i.e.* each time a scan occurred. *Peatry v. Bimbo Bakeries United States*, 2019 WL 3824205, at * 4 (N.D. Ill. 2019) (noting that Section 15(d) suggests a violation occurs every time an employee clocks in and out of work). We believe a similar interpretation could also apply to BIPA's Section 15(b), which provides:

> (b) No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

6

(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

BIPA's Section 15(d) provides:

(d) No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

(1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;

(2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;

(3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or

(4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

740 ILCS 14/15(d).

Like Section 15(d) at issue in *Peatry*, Section 15(b) makes it a violation to *acquire* biometric data without first providing employees with notice and obtaining their written consent. This suggests that a new violation occurs each time an employer *acquires* an employee's biometric information, which presumably happens with each scan. Such a plausible interpretation would entitle Fox to statutory damages on a per-scan basis. Accordingly, the Court finds that it is not legally impossible for Fox to recover $5,000 per scan, thereby meeting the requisite amount in controversy for CAFA jurisdiction.[4] *See Spivey*, 528 F.3d at 986 (refusing to reject recovery estimates based on the uncertainty of recovery, noting that "[u]ncertainty differs from impossibility").

Accordingly, the Court finds Dakkota's removal of the case proper and denies Fox's motion to remand.

## II.     Dakkota's Motion to Extend Time to Answer Complaint

Because we deny Fox's motion to remand, Dakkota's motion to extend time to respond to Plaintiff's complaint is granted. Dakkota has 30 days from the date of this Order to file a responsive pleading.

## CONCLUSION

For the reasons mentioned above, the Court denies the Fox's motion to remand and grants Dakkota's motion to extend time to answer the complaint. Dakkota is permitted thirty days to file an answer or otherwise plead. It is so ordered.

---

[4] $5000 \ x \ 3 \ violations \ x \ 2 \ scans \ per \ day \ x \ 280 \ plaintiffs \ = \ \$8,400,000.$

Dated: 01/24/2020

_____

Charles P. Kocoras
United States District Judge